UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GARY SHAHID, also known as STANLEY GARY THOMPSON,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN MICHAEL VAZQUEZ,** *et al.*,<br><br>**Defendants.** | Case No. 24–cv–06997–ESK–EAP<br><br><br>OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on *pro se* plaintiff Gary Shahid's, also known as Stanley Gary Thompson, civil rights complaint (Complaint). (ECF No. 1.) I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. For the following reasons, I will dismiss the Complaint. 28 U.S.C. § 1915A(b).

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff is confined in the Essex County Correctional Institution (Essex County) in Newark, New Jersey. (ECF No. 1 p. 2.) On or about June 6, 2022, plaintiff was informed by an Essex County officer that he had to attend court. (*Id.* p. 4.) Plaintiff said he would not attend if it was video court because former "Chief Judge Wolfson said it was optional to go to video court."[1] (*Id.*)

---

[1] The District of New Jersey was operating under Standing Order 2021–03 in June 2022, which permitted the use of videoconferencing in certain criminal proceedings due to the ongoing COVID-19 pandemic. *See In Re: Video Conferencing and Teleconferencing for Criminal Proceedings Under the CARES Act, Fifth Extension*

He alleges that an "extraction team" handcuffed him later that morning and forced him to appear in court. (*Id.*) Plaintiff objected to attending video court, and the extraction team handed him an order from District Judge John Michael Vazquez (Ret.). (*Id.*) Plaintiff was told that a warrant would be issued for his arrest if he did not attend court.[2] (*Id.* p. 6.)

Plaintiff asserts Judge Vazquez, the Essex County extraction team, and the United States Marshal Service violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* p. 4.) He seeks $ 1,000,000 in punitive damages and $ 1,000,000 declaratory damages from each defendant. (*Id.* p. 5.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Plaintiff is a pretrial detainee, so I must screen the Complaint and dismiss it if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556

---

*of Standing Order 2021–03*, (D.N.J. filed May 17, 2022), available at https://www.njd.uscourts.gov/standing-orders.

[2] I presume plaintiff is referencing his criminal proceedings, *United States v. Shahid*, No. 20–cr–00236 (D.N.J. filed Mar. 6, 2020).

U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.  DISCUSSION

#### A.  Judicial Immunity

Because plaintiff names retired Judge Vazquez of this Court as a defendant in his complaint, this matter was reallocated from the Newark Vicinage to the Camden Vicinage pursuant to the District of New Jersey's January 13, 1994 Standing Order which requires that, in all cases where a judge of this Court is named as a party, the matter shall be assigned to a judge sitting in a different vicinage of this Court than the one in which the named judge sits. Pursuant to § 3.6–6 and the standing order, I need not recuse if I determine the matter to be patently frivolous or if judicial immunity is plainly applicable. However, I must request designation of a judge from outside of this District pursuant to 28 U.S.C. § 292(b) in the event the matter is neither frivolous nor subject to judicial immunity. "This is a specific application of the broader ethical requirement that a judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Crawford v. Linares*, No. 18–cv–13459, 2020 WL 2059956, at *2 (D.N.J. Apr. 29, 2020) (quoting 28 U.S.C. § 455(a)).

It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.

Plaintiff's claims against Judge Vazquez appear to stem from Judge Vazquez's order to have plaintiff produced for a federal court proceeding. (ECF No. 1 p. 5.) "A judge's direction to court officers to bring a person ... before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12. The fact that Judge Vazquez's order was carried out in part by state officers does not "somehow transform his action from 'judicial' to 'executive' in character." *Id.* at 13. Therefore, Judge Vazquez is immune from suit for damages. *See Jarvis v. Gliottone*, No. 14–cv–07766, 2015 WL 4715604, at *2 (D.N.J. Aug. 7, 2015) (finding doctrine of judicial immunity barred the plaintiff's allegations since the conduct complained of involved the judicial act of issuing an arrest warrant).

Plaintiff has failed to state a claim against Judge Vazquez for declaratory relief. "The purpose of a declaratory judgment is to 'declare the rights of litigants.' The remedy is thus by definition prospective in nature." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Plaintiff "cannot obtain declaratory relief

4

for past alleged wrongs." *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014). Judge Vazquez has retired from the bench, and another judge is overseeing plaintiff's criminal proceedings. Therefore, there is no purpose to a declaratory judgment.

As judicial immunity applies to plaintiff's claim for damages against Judge Vazquez and has failed to state a claim for declaratory relief, I will dismiss the claims against Judge Vazquez with prejudice. 28 U.S.C. § 1915A(b)(1)–(2). I may now proceed to screening plaintiff's other claims.

### B. Essex County Officers and United States Marshals

Plaintiff's only claim against the Essex County officers and United States Marshals is that they forced him to attend a court proceeding that he did not wish to attend. "I was forced to go to a court that was my option to attend. I did not want to attend a video court. I wanted to attend in-person court only, yet I was forced into video court by force." (ECF No. 1 p. 5.). Plaintiff states that the order authorized them to use "any necessary force," but it does not alleged that they in fact used excessive or unreasonable force against him and admits there were "[n]o physical injuries." (*Id.* pp. 4, 5.)

In the absence of any allegations of the use of excessive or unreasonable force, plaintiff's claim against the Essex County officers and United States Marshals is a challenge to their authority to remove him from his cell pursuant to Judge Vazquez's order. Defendants have quasi-judicial immunity for this assertion. "Quasi-judicial immunity extends immunity to those who serve as 'arms of the court, fulfilling a quasi-judicial role at the court's request.'" *Murphy v. State of Delaware*, No. 21–cv–00415, 2024 WL 1178545, at *6 (D. Del. Mar. 19, 2024) (quoting *Russell v. Richardson*, 905 F.3d 239, 249 (3d Cir. 2018) (internal quotation marks and citation omitted)). "As a result, court administrators, sheriffs, and constables charged with the duty of carrying out

facially valid court orders, enjoy quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by those orders." *Id.* (cleaned up); *see also Addlespurger v. Corbett*, 461 F. App'x 82, 85 (3d Cir. 2012). *Compare with Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 397 (D.N.J. 2012) (holding claim that officer used excessive force in carrying out judicial order was not covered by quasi-judicial immunity); *Gofan v. Pereksta*, No. 16–cv–08559, 2018 WL 3105425, at *6 (D.N.J. June 25, 2018) (noting "officers may not use excessive force to carry out [a judicial] order.") The Essex County officers and United States Marshals are immune to suit on the facts presented in the Complaint.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915A] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). It is possible that plaintiff may be able to allege facts that would state a claim against the Essex County officers and United States Marshals, so I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915A review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

### IV. CONCLUSION

For the reasons stated above, I will dismiss the claims against Judge Vazquez with prejudice. 28 U.S.C. § 1915A(b)(1)–(2). I will dismiss the claims against the Essex County officers and United States Marshals Complaint without prejudice. 28 U.S.C. § 1915A(b)(2). Plaintiff may submit

a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

                                           */s/ Edward S. Kiel*
                                           **EDWARD S. KIEL**
                                           UNITED STATES DISTRICT JUDGE

Dated: June 30, 2025